IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) | **FILED**<br>**MARCH 5, 2008**<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: **PH** **08 C 1326** |
| GREEN DRAGON TRADING COMPANY, c/o Dombrowski & Sorensen Attorneys at Law, | ) ) ) ) ) | Judge:<br>Magistrate: **JUDGE DER-YEGHIAYAN**<br>**MAGISTRATE JUDGE KEYS** |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, New Hampshire Insurance Company ("New Hampshire"), by and through its attorneys Dennis Minichello and Stephanie Espinoza of Marwedel, Minichello & Reeb, P.C., and for its Complaint for Declaratory Judgment, alleges as follows:

**NATURE OF THE ACTION**

1. New Hampshire seeks to have this Court construe a Policy of Insurance issued by New Hampshire to Green Dragon Trading Company, c/o Joseph L. Dombrowski, and seeks a declaration of its rights and responsibilities pursuant to said Policy of Insurance regarding coverage for monetary losses arising out damage to the vessel M/V LE VIPER. A full and complete copy of the subject Policy is attached hereto as Exhibit A.

**THE PARTIES**

2. Plaintiff New Hampshire is an entity incorporated in the state of Pennsylvania, with its principal place of business at 70 Pine Street, New York, New York.

1

3.      Defendant Green Dragon Trading Company, c/o Dombrowski & Sorensen Attorneys at Law ("Green Dragon"), is an entity incorporated in the Isle of Mann.  Dombrowski & Sorensen Attorneys at Law is an Illinois law firm with its principal place of business at 670 N. Clark, Chicago, Illinois.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1333(1) and this claim is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as the Policy of Insurance at issue is a marine policy of insurance, and, thus, a maritime contract.

6.      In the alternative, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), because this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 because the defendant resides in Chicago, Illinois.

8.      As is shown below, an actual, immediate and justiciable controversy exists among the Parties named herein with regard to coverage under the subject Policy of Insurance, and a declaratory judgment related thereto by this Court will affect the rights and interests of the Parties hereto.

9.      New Hampshire's action for declaratory and other relief is authorized pursuant to 28 U.S.C. §2201(a) and §2202.

## **FACTS**

10. New Hampshire first issued an Executive Yacht Policy No. YM 583-93-22 ("Yacht Policy") to Green Dragon, care of Dombrowski & Sorensen, effective October 24, 2007 through October 24, 2008. A true and correct copy of the Policy is attached hereto as Exhibit A.

11. The Yacht Policy provided Hull, Protection & Indemnity, and other coverages for and relating to the M/Y LE VIPER.

12. The M/Y LE VIPER is an 85-foot motor yacht built in 1992.

13. On or about November 18, 2007, the M/Y LE VIPER was being operated in the Gulf of Mexico. The vessel had been traveling around Key West, Florida, and was headed to Fort Lauderdale, Florida.

14. As the vessel was heading northbound toward Fort Lauderdale, Florida, and was about 500 yards away from the coastline in 30 ft. deep water, it began taking on water in the engine room.

15. The United States Coast Guard was called and responded. Towboat US also responded to the distress call. Several additional pumps were set up and the vessel was able to be towed back to port by Towboat US.

16. On November 19, 2007, New Hampshire was notified of the incident.

17. On December 7, 2007, New Hampshire issued a Reservation of Rights letter, reserving its rights and asserting that coverage may be denied based on certain provisions in the Policy. A true and correct copy of the Reservation of Rights Letter is attached hereto as Exhibit B.

18. On March 3, 2008, New Hampshire denied coverage for this loss. A true and correct copy of the Denial Letter is attached hereto as Exhibit C.

## **POLICY PROVISIONS**

19. Paragraph 10 of the Policy states as follows:

    10. CAUSES OF LOSS THAT ARE NOT COVERED:

    B. We shall not cover any loss or damage arising out of:

    (1) Intentional Acts: Any intentional misuse or misconduct, criminal, willful or malicious act or lack of reasonable care or due diligence, in the operation or maintenance of your yacht, tender or trailer;

    (2) Any wear and tear, gradual deterioration, weathering, inherent vice, insects, animals, vermin, fungus or mold, marine life, electrolytic or galvanic action, oxidation, warping or shrinkage, corrosion, dampness of atmosphere, gel coat or fiberglass blistering, wet or dry rot, or extremes of temperature;

20. Endorsement #5 of the Policy states as follows:

    Mechanical Breakdown Exclusion

    It is agreed and understood that this policy does not cover any loss or damage to the yacht's engines, generators, outdrives and running gear (referred to herein as 'Propulsion Machinery') resulting directly or indirectly, in whole or in part, from any of the following causes of loss whether such causes directly or indirectly cause, contribute to or aggravate the loss; or occur before, at the same time or after the loss; or whether other causes act concurrently or in any sequence with the excluded cause:

        a) mechanical breakdown
        b) latent defect
        c) defect, weakness, inadequacy, fault or unsoundness in:
            1) design, specifications, workmanship, construction:
            2) materials used in construction or repair;
            3) or maintenance;

    of any Propulsion Machinery.

    However, we do insure for any resulting loss caused by items a – c unless the resulting loss is itself is excluded from coverage. All other terms and conditions still apply.

## COUNT I

### No Coverage – Wear and Tear

21.     New Hampshire repeats and incorporates the allegations of Paragraphs 1-22 as if fully set forth herein.

22.     Paragraph 10(B)(2) of the Policy provides that the Policy does not cover any loss or damage arising out of "wear and tear, gradual deterioration, weathering, inherent vice, insects, animals, vermin, fungus or mold, marine life, electrolytic or galvanic action, oxidation, warping or shrinkage, corrosion, dampness of atmosphere, gel coat or fiberglass blistering, wet or dry rot, or extremes of temperature".

23.     The ingress of seawater into the engine room, which caused significant damage to machinery and equipment in the engine room, was not a fortuitous loss, and was caused by one of the enumerated causes set forth in Paragraph 10(B)(2) of the Policy.

24.     Because losses arising out of the enumerated causes set forth in Paragraph 10(B)(2) of the Policy are not covered under the Policy, Green Dragon is not entitled to coverage for this loss.

WHEREFORE, Plaintiff, New Hampshire, respectfully requests that this Court:

a.      Determine and adjudicate the rights and liabilities of the Parties under New Hampshire Executive Yacht Policy No. YM 583-93-22;

b.      Find and declare that Plaintiff, New Hampshire, does not have an obligation or duty to provide coverage for the claim of Green Dragon under the terms of New Hampshire Executive Yacht Policy No. YM 583-93-22;

c.      Award such other and further relief as this Court deems equitable and just.

## COUNT II

### No Coverage – Improper Maintenance

25. New Hampshire repeats and incorporates the allegations of Paragraphs 1-24 as if fully set forth herein.

26. Paragraph 10(B)(1) of the Policy provides that the Policy does not cover any loss or damage arising out of "Any intentional misuse or misconduct, criminal, willful or malicious act or lack of reasonable care or due diligence, in the operation or maintenance of your yacht".

27. The ingress of seawater into the engine room, which caused significant damage to machinery and equipment in the engine room, was not a fortuitous loss, and was caused by the lack of reasonable care or due diligence in the maintenance of the vessel.

28. Because losses arising out of the enumerated causes set forth in Paragraph 10(B)(1) of the Policy are not covered under the Policy, Green Dragon is not entitled to coverage for this loss.

WHEREFORE, Plaintiff, New Hampshire, respectfully requests that this Court:

a. Determine and adjudicate the rights and liabilities of the Parties under New Hampshire Executive Yacht Policy No. YM 583-93-22;

b. Find and declare that Plaintiff, New Hampshire, does not have an obligation or duty to provide coverage for the claim of Green Dragon under the terms of New Hampshire Executive Yacht Policy No. YM 583-93-22;

c. Award such other and further relief as this Court deems equitable and just.

## COUNT II

### Breach of Implied Warranty of Seaworthiness

6

29. New Hampshire repeats and incorporates the allegations of Paragraphs 1-28 as if fully set forth herein.

30. The Policy carried an implied warranty of seaworthiness, in which the insured implicitly warranted that the M/Y LE VIPER was seaworthy.

31. The M/Y LE VIPER was not seaworthy at the time of the incident.

32. The unseaworthy condition of the M/Y LE VIPER at the time of the incident caused the ingress of seawater into the engine room and resulting damage.

33. Green Dragon is not entitled to coverage for the loss due to its breach of the implied warranty of seaworthiness.

WHEREFORE, Plaintiff, New Hampshire, respectfully requests that this Court:

a. Determine and adjudicate the rights and liabilities of the Parties under New Hampshire Executive Yacht Policy No. YM 583-93-22;

b. Find and declare that Plaintiff, New Hampshire, does not have an obligation or duty to provide coverage for the claim of Green Dragon under the terms of New Hampshire Executive Yacht Policy No. YM 583-93-22;

c. Award such other and further relief as this Court deems equitable and just.

Respectfully Submitted,

NEW HAMPSHIRE INSURANCE COMPANY

By:   /s/ Dennis Minichello

Dennis Minichello [Illinois ARDC #03122059]
Stephanie Espinoza [Illinois ARDC #06278778]
Marwedel, Minichello & Reeb, P.C.
10 South Riverside Plaza, Suite 720
Chicago, IL  60606
(312) 902-1600
Attorney No.: 35367