IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-vs-<br><br>GREEN DRAGON TRADING COMPANY,<br>c/o Dombrowski & Sorensen Attorneys at Law,<br><br>Defendant. | NO. 08 CV 1326<br><br>JUDGE DER-YEGHIAYAN<br><br>MAG. JUDGE KEYS |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OR TRANSFER**

**THE FACTS**

The M/S Le Viper, while insured by the Plaintiff, was in distress on the Atlantic Ocean near Ft. Lauderdale, Florida. It was towed to port by a towboat, and is under repair. Plaintiff insurer insured the Le Viper. Every potential witness to the occurrence, the rescue, the prior survey, the subsequent repair, and the ultimate survey is in Florida. The ship is in Florida. There is nothing about this case in Illinois.

Every occurrence occurred in Florida. Nothing happened in Illinois. No party to this case is inconvenienced by Florida jurisdiction, and no party is convenienced by the case being in Illinois.

Green Dragon Trading Company ("Green Dragon") has no office, and no registered agent, in Chicago. The lawyer who gets premium notices is in Chicago. The location of the lawyer is not a "connection" that will overcome the true connections of this case to the Southern District of Florida.

Rule 12(b)(2) and (3) allows for a motion to dismiss for lack of jurisdiction or improper venue.

**I.   This Is Not the Court of Venue.**

Plaintiff pleads an admiralty case. Complaint, par. 5.

1

According to <u>LeBlanc</u> v. <u>Cleveland</u>, 899 F. Supp 149 (SD NY 1995), the venue statute applicable to admiralty cases is 28 USC Sec. 1391(b). That Section applies to cases not based solely on diversity, and may be brought only in a judicial where the defendant resides, or in the district wherein the events occurred, or in any district in which defendant may be found if "there is no other district in which the action may otherwise be brought."

The District where everything happened is the Southern District of Florida. The Defendant's boat (or ship) is there, as is the Captain of the vessel. The Defendant gets mail from the insurer in Chicago, but has no actual presence here. The statute requires filing in the Southern District of Florida.

The Complaint pleads diversity in the alternative. 28 USC 1391(a) does not, as applied here, change the result. The Defendant does not reside here, the occurrence and all the action is in Florida, and the vessel and its Captain are in Florida.

In <u>Saudi</u> v. <u>Northrop Grumman Corp.</u>, 273 F. Supp2d 101 (DDC 2003), the Court considered venue as in diversity and in admiralty, and transferred the case. The defense attorney's argument was quoted at page 104; he said:

> "(S)hip built in Virginia, crane from Wisconsin, ship refurbished in Singapore, injury in the Gulf of Mexico, Mr. Saudi in Texas."

That describes this case. The Viper was built in Louisiana; it was surveyed in Florida before the occurrence; it took water and came into distress in the Atlantic Ocean; the Plaintiff is in New York; and the Captain is in Florida, with all the witnesses.

The "long arm" jurisdiction of Florida would not operate to bring this case to Chicago if so applied. <u>Miller</u> v. <u>Berman</u>, 289 F. Supp.2d 1327 (MD Florida 2003) (involving a South African catamaran and a broker with some connection to Florida). The prosecution of this case here would violate due process as defined in <u>International Shoe Co.</u> v. <u>State of Washington</u>, 326 U.S 310 (1945). The requirement of connection and some affirmative act of a defendant embracing our State applies under Illinois "long arm." <u>Forrester</u> v. <u>Seven Seventeen Hotel</u>, 336 Ill.App.3d 572 (4th Dist. 2002)

(Illinois resident called for reservation from Illinois to Missouri hotel; his car was then damaged at the hotel; no jurisdiction in Illinois).

Whether viewed as a constitutional question or as a matter of convenience and fairness to the Defendant (and, incidentally, to the insurer), this case does not belong here.

## II. The Doctrine of Forum Non Conveniens Requires Dismissal or Transfer.

The Supreme Court held, in Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981), that an aircrash in Scotland involving Scots could not be tried in the United States because of *forum non conveniens*. The facts of the crash and the witnesses and the wrecked aircraft were all in Scotland. There were allegations that the crash was due to the fault of an American manufacturer of the aircraft and of the propellers. Those allegations did not defeat the motion to dismiss.

The doctrine was applied in an admiralty case in Warn v. M/Y Maridome, 961 F. Supp. 1357 (S.D. Cal. 1997), beginning at page 1374. Judge Brewster stated the doctrine in these words:

> "If a forum is seriously inconvenient for a party and an alternative forum exists, the court may dismiss the action."

The Warn case also quoted an earlier holding, to say that:

> "This forum non conveniens analysis applies with equal force in the context of admiralty and maritime jurisdiction." (Id., p. 1374).

The inconvenience of trying this case in Chicago to the Defendant is apparent, and there is no benefit to the Plaintiff. Under the "forum" doctrine, this case should be dismissed, but transfer is certainly an option.

## III. The Remedy Is to Transfer The Case To The Southern District Of Florida.

The remedy of dismissal is available, but is not necessary. The United States District Court for the Southern District of Florida is another Court having admiralty jurisdiction (U.S. Const. Art. 2, Section 2). As required by 28 USC Sec. 1406(a), it is "in the interest of justice" to transfer this case to Florida. This case could have been brought there, and Plaintiff will lose nothing by the transfer.

Any question of jurisdiction disappears with our appearance here; it is Green Dragon's motion to transfer, and Green Dragon will be before the Southern District when (and if) the transfer is allowed. If equity is required to receive equity, Defendant does equity by making itself available for litigation in the Court before which this case should have been filed.

## CONCLUSION

We do, therefore, respectfully pray for transfer, or, if the Court should so decide in discretion, for dismissal for lack of jurisdiction and venue and for violation of the doctrine of *forum non conveniens*.

                                            s/s    George B. Collins
                                                        Attorney for
                                                        Defendant Green Dragon Trading Company

George B. Collins
COLLINS, BARGIONE & VUCKOVICH
One North LaSalle St., #2235
Chicago, IL 60602
(312) 372-7813