IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>GREEN DRAGON TRADING COMPANY, )<br>c/o Dombrowski & Sorensen Attorneys at Law, )<br>)<br>Defendant. ) | NO. 08 CV 1326<br><br>JUDGE DER-YEGHIAYAN<br><br>MAG. JUDGE KEYS |

**MOTION TO DISMISS FOR LACK OF VENUE OR,
IN THE ALTERNATIVE, TO TRANSFER**

Comes Defendant, Green Dragon Trading Company ("Green Dragon"), by George B. Collins of Collins, Bargione & Vuckovich, and for its Motion to Dismiss pursuant to Rule 12(b)(2) and (3) or, in the Alternative, to Transfer to the Southern District of Florida pursuant to 28 USC 1404(a) and 1406(a), states:

1. Plaintiff insured a vessel (M/V Le Viper) of British registry owned by an Isle of Mann Corporation. On November 18, 2007 the vessel became distressed in the Atlantic Ocean in Florida waters, and the United States Coast Guard and a private towboat came to the aid of the vessel and the towboat towed it to Fort Lauderdale, Florida.

2. The Plaintiff was notified of the loss on November 19, 2007.

3. The persons on board were crew members Captain Daniel Osley and Jeanie Murff, of 837 SW 16th Court, Ft. Lauderdale, Florida; and their guest Destin Osley, of 2429 Cat Cay Lane, Ft. Lauderdale, Florida. All three are necessary witnesses in this case.

4. The person retained to cause the repair of the vessel is Shawn Osley, of 2429 Cat Cay Lane, Ft. Lauderdale Florida. Shawn Osley is a necessary witness in this case.

5. The vessel was initially aided by the United States Coast Guard. The persons on the

Coast Guard ship were all stationed in Florida at the time. The vessel was towed by "Towboat US" to Tow Boats/Offshore Marine Towing, Inc., at 560 NE 26th Court, Pompano Beach, Florida, then to Rosciolo Yachting Center, 3201 SR 84, Ft. Lauderdale Florida, and finally to Lauderdale Marine Center, 2001 SW 20th Street, Ft. Lauderdale, Florida. All of the persons who tended the M/V Le Viper were in Florida at the time of their service, and all are potential witnesses, and all are believed to be available in Florida.

6.  The Plaintiff insurer employed Metallurgical, Inc., 2870 Sterling Road, Hollywood, Florida, to investigate the loss, and its investigators work in Florida and are presumed to be residents of Florida, and will be witnesses to be called by the insurer.

7.  Both the Plaintiff insurer and the Defendant insured employed marine surveyors who surveyed M/V Le Viper. All of them are believed to be from the Southern District of Florida, and all of them rendered their services at Ft. Lauderdale.

8.  Prior to binding coverage on the vessel, the Plaintiff insurer required that certain repairs be made in accord with a May, 2007 survey of the vessel. That survey was conducted in May, 2007, at Ft. Lauderdale, Florida, and the persons who performed the work did that work at Ft. Lauderdale.

9.  The Defendant Corporation, Green Dragon, is incorporated in the Isle of Mann. It does not have a registered office for service of process in Illinois. Policy notices are sent to Joseph L. Dombrowski, who has a law firm in Chicago. He is not the agent for service of process of Green Dragon.

10. There are no witnesses to the occurrence who live in Chicago. If the case were to be tried in Chicago, the transportation costs would be enormous. Further inspections may be required of the vessel, and those inspections would be made in Florida. Expert witnesses will be required, and all of the surveyors who have seen M/V Le Viper saw the vessel in Florida and are believed to be residents of Florida.

11. Green Dragon has filed suit (after this suit was filed) before the Circuit Court in

Broward County, Florida, Case CACE 08 10636 04.

12. The United States District Court for the Southern District of Florida is a Court to which this case could be transferred, in that this case "might have been brought" in that court. 28 USC Sec. 1404(a).

13. The Plaintiff is incorporated in Pennsylvania and has its principal office at New York City. Plaintiff cannot claim any convenience from the trial of this cause in Chicago.

14. The Affidavit of Joseph L. Dombrowski is attached as Exhibit 1, in support of the allegations of fact in this Motion.

15. For "the convenience of parties and witnesses, in the interest of justice," this cause should either be dismissed for want of venue or, to greater effect for the interest of justice, transferred to the United States District Court for the Southern District of Florida. 28 USC Sec. 1404(a).

                                               s/s   George B. Collins
                                                           Attorney for
                                                           Defendant Green Dragon Trading Company

George B. Collins
COLLINS, BARGIONE & VUCKOVICH
One North LaSalle St., #2235
Chicago, IL 60602
(312) 372-7813