IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, ) ) Plaintiff, ) ) -vs- ) ) GREEN DRAGON TRADING COMPANY, ) c/o Dombrowski & Sorensen Attorneys at Law, ) ) Defendant. ) | NO. 08 CV 1326 JUDGE DER-YEGHIAYAN MAG. JUDGE KEYS |

**GREEN DRAGON'S REPLY TO
RESPONSE OF NEW HAMPSHIRE INSURANCE
TO MOTION TO DISMISS OR TRANSFER**

The Insurer seeks to litigate whether or not high seas or a pair of brackets caused a maritime accident off the coast of Florida in Chicago. All of the factual issues arise in Florida or in Florida waters. We contend that the case should be tried in Florida. The Insurer's brief presumes that the issue is the issuance of the insurance policy; that is not the issue, because the validity of the policy is not questioned, and no issues are raised as to the policy being in force at the time of the maritime accident.

The issue is whether or not this maritime accident, as it will be described by witnesses who are all in Florida, is covered by a policy issued through Maritime General Agency of Westbrook, Connecticut (Exhibit 1), for which notice to International Special Risks, Inc., of Lynnfield, Massachusetts [denominated the "Producer" (Exhibit 2)] is required, relating to a policy issued by New Hampshire Insurance at its home office in New York (Complaint, paragraph 2). The adjuster assigned to the loss is AI Marine Adjusters, Inc., of New York City (Complaint, Ex. C).

The issues stated in the Complaint are:

> **Count I:** Whether "gradual deterioration" of two brackets caused damage "arising out of" that deterioration when the vessel was in heavy seas which may have

1

caused those brackets or any brackets to part. The brackets were not recommended for replacement in the survey of the vessel made in Florida in May, 2007.

**Count II:** Whether or not the vessel owner, or its captain, failed to act with due diligence in the maintenance of the vessel.

**Count III:** Whether or not, in a specifically written insurance policy, there can be an "implied warranty" by an insured that a vessel is seaworthy, which must include the answer to the question as to whether or not the vessel was seaworthy at the time of the high seas accident.

All of these claims are subject to consideration of the effect of high seas on the vessel. All involve issues of fact specific to the operation of the vessel in Florida waters.

The witnesses to the high seas, and the circumstances of the accidental injury to the vessel, are Florida people. Two are Florida residents and assigned as crew; another Florida person was on the vessel at the time of the accident, and other Florida persons were involved with towing and claimed savage, including a salvage diver (employed by a Florida salvor) that was on the vessel during the course of towing (Invoice of TowBoatUS, attached to Exhibit C to Complaint).

Fact issues are present, and should be decided where the witnesses are to be found. There are no fact issues to be determined by Illinois witnesses.

The many cases cited by the Insurer do not indicate otherwise, and the distinctions are apparent. The "interests of justice" require trial where it all happened.

### I. THE INSURER'S CHOICE OF FORUM IS NOT A SIGNIFICANT FACTOR IN DETERMINING WHETHER OR NOT TO TRANSFER BECAUSE THE INSURER IS NOT A RESIDENT OF ILLINOIS AND NOTHING RELATING TO THE LOSS HAPPENED IN ILLINOIS.

Judge Gottschall, in St. Paul Fire & Marine Ins. v. Brother International, 2006 WL 1543275 (ND Ill. 2006), considering venue in Chicago for an insurer from Minnesota, said (p. 2):

> "...courts agree that the presumption of deference does not apply where the plaintiff does not reside in the chosen forum."

The Insurer is in New York, and all of its subsidiary parties - the adjuster, the general agent,

2

the entity through which the policy is issued - are on the East Coast; none are in Illinois.

In American Casualty Co. v. Filco, 2004 WL 2674309 (ND Ill. 04), this Court considered a motion to transfer a case to the Southern District of Indiana, where other litigation was pending. This Court held, as to "choice of forum," that "plaintiff's choice of forum is given less weight if the case has no significant connection to the chosen forum" (Id., p. 2). Judge Guzman wrote to the same effect in First National Bank v. El Camino Resources, Ltd., 447 F.Supp.2d 902, at 912 (ND Ill. 2006), noting that, "if the plaintiff's choice of forum is not the site of material events, plaintiff's choice of forum is entitled to less deference."

Judge Guzman also wrote that, "...in a breach of contract case, the situs is where the business decisions causing the breach occurred." No "business decisions" on this loss were made in this District.

Also:

> "deference to plaintiff's choice of forum is not appropriate where the cause of action did not conclusively arise in the chosen forum."

In this case, the only "Illinois" happening was that the insurance broker who initiated the application for coverage was in Illinois. The marine accident, the ship, the repairs, the issuance of the policy, the insurance adjuster, were all elsewhere, and mostly in Florida.

### II. THIS IS A CASE OF THE LIABILITY OF THE INSURER UNDER A VALID POLICY; THERE IS NO ISSUE OF VALIDITY, ONLY OF THE EFFECT OF THE OCCURRENCE ON THE LIABILITY OF THE INSURER.

The Insurer argues that the delivery of the policy to an address in Illinois is the issue; it is not. This is not a case in which the policy is claimed to be invalid. It is a claim that the coverage afforded by a valid policy can be avoided by proof that a maritime accident in high seas was "deterioration" of the vessel. All of that occurred in Florida, not in New York, where the declarations page was issued; or in New York, where the adjuster does business; or in Connecticut, where there was an agent of the Insurer.

The purchase of the policy has nothing to do with venue, because the Insurer has not sought

recision and has not tendered refund of the premium. Judge Alesia, on a similar venue question, wrote that, "the event underlying this declaratory judgment action is (the insurer's) decision to deny coverage" (here, New York) Evangelical Lutheran Church v. Atlantic Mutual Ins. Co., 973 F.Supp. 820 (ND Ill. 1997). His Honor also wrote that (Id., p. 824):

> "Where policies cover an organizations' conduct nationwide, the courts hold that the location of the insured risk is the place where the insured's liability actually arises...here, Texas."

That case involved an underlying sexual tort by a Lutheran minister, in Texas. The validity of the policy was not in question, but coverage was denied. The denial depended on the factual situation in Texas, and the case was, therefore, transferred to Texas. It is the same here...all of the action and all of the alleged failures of the insured occurred in Florida, and all are fact specific to Florida. The cases cited by the Insurer teach that this case should proceed in Florida. See, also, Royal Ins. Co. v. Tower Records, 2002 WL 31385815 (SD NY 2002) (upholding discretion in moving a case to California, noting that the plaintiff did not reside in the district where the suit was filed, at p. 6).

The Insurer relies on American Steamship Owners Mutual Protection v. LaFarge North America, Inc., 474 F. Supp.2d 474 (SD NY 2007), which upheld a policy case in New York, the home of the insurer, involving a "Katrina" occurrence with a barge at New Orleans. LaFarge is different. The Court stated the issue to be, "whether the ...coverage...extends to a particular barge that was owned and operated by another company that had contracted to transport cement for LaFarge." There is no question here but that the "Viper" is the vessel covered by the policy.

The Court rejected the "first filed" rule, holding that the insurer had a right to chose the forum at its principal place of business. The first filed rule "should not be applied mechanically," and was not followed in LaFarge (Id.,p. 490).

The issue was coverage for LaFarge of a barge that was not its property, a true coverage issue. In discretion (which applies in all removal cases), the Court concluded that the greater weight would be given to the insurer's need for a prompt adjudication on the issue of coverage for a non-

owned barge, without the delays inherent in being submerged into the massive "Katrina" litigation in New Orleans. The expense of that defense was also considered; if the insurer could get out of the policy, it would avoid participation in massive litigation involving other claims and other parties.

We have no similar issues here.

### III.   THE INSURED IS NOT FORUM SHOPPING.

The Insurer claims "forum shopping" (Brief, p. 8) because the vessel owner wants the case tried where the facts occurred. This is not a convenient forum for Green Dragon, because its vessel, its Captain, its crew, the witnesses to the prior survey, and the witness to the salvage, are not here. It is also not more convenient for the New York insurer, because its adjuster is in New York and its decision to deny coverage was made in New York.

It is not "forum shopping" to want to try a case where the accident happened.

This exact scenario resulted in venue where the marine accident occurred in Uffner v. La Reunion Francaise, 244 F.3d 38 (1st Cir. 2001). That insurer, La Reunion, wanted venue away from Puerto Rico, in whose waters the insured event occurred. The facts were described by the Court thus, Id., p. 42:

> "(1) appellant, a resident of the Virgin Islands, obtained a policy of insurance for his yacht, La Mer, (2) the insured vessel caught fire and sank in Puerto Rican waters, (3) appellant filed a claim with appellees through his insurance broker demanding payment for this loss: and (4)the claim was ultimately denied because it was allegedly not covered by the policy."

The Court concluded that "the jurisdiction where that loss occurred is substantial for venue purposes," and the case went forward in Puerto Rico (Id., p. 43).

"Forum shopping" is an odious accusation. It should not be made here. A fair trial is available in any Federal Court, and specifically before Your Honor. But, putting together a trial that considers such as the seaworthiness of a vessel and high seas off Florida should happen in Florida, not here.

### V. THE CONVENIENCE OF WITNESSES IS A FACTOR WHICH FAVORS TRANSFER.

The Insurer presumes (p. 11) that this is a summary judgment case, and therefore it does not matter where it pends because all will be done on papers.

We outline above the issues in the three counts of the Complaint. Was this marine accident the result of "gradual deterioration," or of high seas? Was the vessel seaworthy upon sailing on the day of the accident, so as to comply with the "implied warranty" claimed by the Insurer? This may not be the "paper case" that the Insurer claims.

In Royal Ins. Co. v. Tower Records Inc., 2002 WL 31385815 (SD NY 02), the record store chain claimed that the events of September 11, 2001, caused losses arising from the decline in business suffered after the attack. Royal filed a coverage case in New York, but Tower was in California. The Court, exercising discretion, transferred the case in part because Royal was not a resident of New York and the Tower witnesses were in California. This Plaintiff Insurer is not a resident of Illinois; and neither the Insurer nor Green Dragon has any witnesses who are not either in Florida or as available in Florida as here. The Insurer's New York witnesses, who made the decision to deny the policy, can get to Florida at least as easily as to Chicago.

It may be noted that the affidavits of the Insurer's witnesses do not recite the residence of the witnesses. But, the documents attached do demonstrate that all of Insurer's entities...the agency, the adjuster, the Insurer itself, are non-Illinois entities. If any of Insurer's witnesses were in or of Illinois, the Insurer would have said so. The only Illinois connection of Insurer appears to be its counsel.

## CONCLUSION

This case is not of or concerning Illinois. The claimed Illinois interest in yacht owners who have yachts in Florida is ephemeral. This case belongs where the events occurred; and the event is not the issuance of the insurance policy, but those occurrences that lead to liability under the policy.

We ask, as does our motion, for dismissal for incorrect venue or transfer to Florida. The interests of justice so require.

Respectfully submitted,

s/s    George B. Collins
Attorney for
Defendant Green Dragon Trading Company


George B. Collins
COLLINS, BARGIONE & VUCKOVICH
One North LaSalle St., #300
Chicago, IL 60602
(312) 372-7813